UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CV01325 AGF |
| | ) |
| EVAN BEATTY, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

October 11, 2006, this Court[1] granted Defendants' motion for summary judgment on Counts I and II of Plaintiff's three-count complaint, after the Court concluded that Plaintiff's claims for legal malpractice contained in those counts were time-barred. This matter is now before the Court on two motions: (1) Plaintiff's motion to reconsider the Court's partial grant of summary judgment; and (2) Defendants' motion for summary judgment on Plaintiff's claims for breach of fiduciary duty contained in Count III. A hearing was held on the motions, but all proceedings were thereafter stayed for an extended period of time to permit the parties to engage in a second mediation, involving additional non-parties. For the reasons set forth below, the Court will grant the motion for reconsideration and schedule further briefing, based on recent case law developments.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

**Factual Background**

Plaintiff is, and was at all relevant times, a citizen of Illinois. Defendants -- four individual attorneys (Evan Beatty, Robert Appleton, Jr., Gerald Kretmar, and David Stolze), individually and doing business as the partnership, Appleton, Kretmar, Beatty & Stolze (collectively referred to as "Defendants") -- are citizens of Missouri. It is undisputed that on August 30, 1999, Plaintiff hired Defendants to represent her in a personal injury action, based upon her claim that she was injured in a Wal-Mart store in Illinois on August 23, 1999. The contract for legal services was entered into while Plaintiff was in Defendants' St. Louis, Missouri office.

It is also undisputed that Defendants did not file a lawsuit on Plaintiff's behalf on or before August 23, 2001, the date when the Illinois two-year statute of limitations for personal injury actions expired. Plaintiff alleges, and Defendants do not dispute, that she was not made aware that Defendants had failed to file her lawsuit within the statute of limitations until April 3, 2003, when Plaintiff met with Defendant Beatty at Defendants' St. Louis office and Beatty informed Plaintiff of such.

Meanwhile, in 2002 a collection action had been filed in Illinois against Plaintiff and Plaintiff hired Defendants to represent her in that lawsuit as well. Plaintiff gave Beatty a summons showing a court date of April 16, 2002. On April 12, 2002, Beatty entered an appearance in the collection case and asked for a 90-day extension of time (to file a responsive pleading). It is undisputed that a responsive pleading was never filed; that a default judgment was entered against Plaintiff in that action; and that in December

2

2002, a garnishment was issued. On February 13, 2003, Plaintiff faxed information to Defendants concerning the garnishment. According to Defendants, when Beatty told Plaintiff on April 3, 2003, about the expiration of the statue of limitations on the personal injury case, he also told her about the default judgment in the collection case. Also according to Defendants, Beatty offered to try to have the default judgment set aside, but Plaintiff decided to seek new counsel.

By letter dated April 20, 2003, Plaintiff's counsel in the present action sent a letter to Beatty informing him that he (present counsel) had been retained by Plaintiff "to bring a claim for matters surrounding your representation for her injury claim of August, 1997. As you know, the statute of limitations was missed in the case, which you explained to [Plaintiff]." (Ex. 3 to Doc. #44.)

On August 24, 2005, Plaintiff filed the present three-count complaint against Defendants. In Count I, Plaintiff claims that Defendants negligently handled her personal injury claim by failing to file a lawsuit in Illinois within the Illinois statute of limitations, and by not advising Plaintiff until April 3, 2003, that the statute of limitations had expired. In Count II, Plaintiff asserts that Defendants thereby breached oral and written contracts to provide competent legal representation in relation to the personal injury claim. In these two counts, Plaintiff seeks damages measured by her alleged injuries resulting from the accident underlying her personal injury claim. She also asserts that due to the passage of time, she was unable to submit her medical bills to her insurance company on time and was thus held personally liable for payment of these bills. She

asserts that she was unable to pay the total amount due, which resulted in damage to her personal credit and the above-referenced collection suit being filed against her by her medical provider.

In Count III, Plaintiff claims that Defendants breached their fiduciary duty by failing to inform her that the Illinois statute of limitations had expired on her personal injury case until April 3, 2003, although Defendants had previous knowledge that the statute of limitations had expired in August, 2001; failing to file responsive pleadings in the collection lawsuit and failing to follow the progress of that suit to determine that a default judgment had been entered against Plaintiff; telling Plaintiff in 2002 and 2003 that the collection suit and subsequent collection attempts were being fully handled by Defendants, when in fact nothing was being done to protect Plaintiff's interests; and never telling Plaintiff that a default judgment had been entered against her even though Defendants had actual knowledge of the same. Plaintiff asserts that as a result of these alleged breaches of fiduciary duty, she "sustained injuries and losses" in that she was unable to submit timely medical bills to her healthcare insurer and eventually suffered the default judgment against her and damage to her credit. She seeks damages "in the alternative" to the request for damages in the other two counts, but also seeks punitive damages. (Doc. #1.)

**The Court's Prior Order of
Partial Summary Judgment**

Upon Defendants' motion, the Court previously granted summary judgment in

favor of Defendants on Counts I and II, after concluding that the Illinois two-year statute of limitations applied to those counts under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190, because the claims in those counts originated in Illinois.[2] (Doc. #23.) The Court cited Missouri cases stating that "originated" as used in the borrowing statute was the same as "accrue[d]" as used in Mo. Rev. Stat. § 516.100, which provides that a cause of action is "deemed to accrue . . . when the damage resulting therefrom is sustained and capable of ascertainment." The Court relied upon Ferrellgas, Inc. v. Edward A. Smith, P.C., 190 S.W.3d 615, 621 (Mo. Ct. App. 2006), for the proposition that where a plaintiff learns of her injury is not necessarily where the cause of action originates. In concluding that Plaintiff's legal malpractice claims against Defendants sounding in tort and contract originated in Illinois, the Court stated that these claims

> accrued at the moment when the Illinois statute of limitation expired in the Illinois court where the claim should have been filed. It is immaterial that Plaintiff learned of this damage while in Defendants' Missouri office. It is also irrelevant that Defendants were located in Missouri when they were preparing for Plaintiff's personal injury action.

(Doc. #23 at 69-70.)

Plaintiff thereafter complained that two of the individual Defendants had failed to make themselves available for deposition until after the Court had issued its ruling, and that their deposition testimony presented "newly discovered evidence." In response, the

---

[2] Section 516.190 provides that "[w]henever a cause of action has been fully barred by the laws of the state . . . in which it originated, this bar shall be a complete defense to any action thereon . . . ."

Court allowed Plaintiff additional time to file a motion to reconsider the Court's Order regarding summary judgment on Counts I and II, in light of alleged "newly discovered evidence." The Court also granted Defendants time to file any other dispositive motions thereafter.

Plaintiff thereafter filed a timely motion to reconsider in which she alleges that the depositions of two party Defendants, Beatty and Stolze, require the Court: (1) to reconsider its ruling regarding which state's statute of limitations applies; (2) to conclude that Missouri's five-year statute of limitations applies; and (3) to conclude that her legal malpractice claims against Defendants were filed within Missouri's five-year statute of limitations because they "accrued and damages were first sustained and capable of ascertainment in Clayton, Missouri on April 3, 2003." In Defendants' motion for summary judgment on Count III, they argue that "Count III must necessarily suffer the same fate as Counts I and II." At oral argument, both parties asserted that the same analysis regarding the statute of limitations would apply to Count III as applies to Counts I and II.

### Plaintiff's Motion to Reconsider

In an attempt to provide more factual support for her contention that her legal malpractice claim originated in Missouri, Plaintiff filed excerpts of the depositions of Defendants Beatty and Stolze. These deposition excerpts establish that Plaintiff first learned that Defendants had failed to file her lawsuit against Wal-Mart when she was told of this fact at Defendants' offices in Clayton, Missouri, on April 3, 2003. The deposition

6

excerpts also establish that Defendant Beatty believes that "the first time [Plaintiff] could [have] ascertain[ed] the statute of limitations had run, from a reasonable perspective, is when [Beatty] told her."

The Court notes, however, that the fact that Plaintiff first learned on April 3, 2003, that Defendants had failed to file her lawsuit against Wal-Mart, when she was told of this fact at Defendants' offices in Clayton, Missouri, was never disputed by Defendants. The Court also finds that Defendant Beatty's opinion as to when Plaintiff could have ascertained that she had a legal malpractice claim is irrelevant to this legal issue. "Whether damages are capable of ascertainment is an objective test, ordinarily decided as a matter of law." Ferrellgas, 190 S.W.3d at 620. Therefore, the Court is unpersuaded by Plaintiff's "newly discovered evidence."

In the remaining portion of her motion to reconsider, however, Plaintiff contends that the Court's application of Ferrellgas was in error. Plaintiff cites four cases[3] which she asserts support her argument that the statute of limitations began to run when she was first informed that Defendants had failed to file her personal injury lawsuit on time, and that the location where that disclosure was made determines the state in which her

---

[3] Klemme v. Best, 941 S.W.2d 493 (Mo. 1997) (en banc); Martin v. Crowley, Wood & Milstead, Inc., 702 S.W.2d 57 (Mo. 1985) (en banc); Carr v. Anding, 793 S.W.2d 148 (Mo. Ct. App. 1990); and Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C., 684 S.W.2d 858 (Mo. Ct. App. 1985). At the motion hearing, Plaintiff referred the Court also to Powell v. Chaminade College Prep., 197 S.W.3d 576, 582 (Mo. 2006) (en banc), as a recent case setting forth the test for when damages are capable of ascertainment under Missouri law.

7

malpractice claims originated. She asserts:

> These cases all hold that when and where the client reasonably ascertains the damage is when (and thus where) the cause of action accrues. The mere fact that a court filing is a public record is not the deciding factor, as the law does not require a lay person to check or double check his or her attorney's work. This is particularly true in the case of an attorney's nonfeasance as opposed to misfeasance (i.e. failing to file pleadings versus giving bad advice regarding a case or claim).

(Doc. #27 at 5.)

The Court notes that the same Missouri appellate court that issued the opinion in Ferrellgas has recently issued another opinion that further explains the Ferrellgas opinion and addresses this very issue. See Wright v. Campbell, ___ S.W.3d __, 2009 WL 166981 (Mo. Ct. App. Jan. 27, 2009), transfer den. (Mar. 3, 2009). In light of this opinion, the Court believes that further reconsideration of this Court's prior Order granting partial summary judgment on Counts I and II is appropriate.

## Motion for Summary Judgment on Count III

Defendants assert in their motion for summary judgment on Count III that any ruling on Count III "must necessarily suffer the same fate as Counts I and II because a legal malpractice cause of action couched as a breach of fiduciary duty claim is still a legal malpractice cause of action." Because Defendants may (or may not) change their assessment of that matter should the Court alter its prior ruling on the limitations period that applies to Counts I and II, the Court will also deny this motion, without prejudice to refiling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider the Court's October 11, 2006 Memorandum and Order is **GRANTED**, to the extent that the Court shall require further briefing. [Doc. #27]

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on Count III is **DENIED, without prejudice to refiling**. [Doc. #28]

**IT IS FURTHER ORDERED** that on or before **April 20, 2009,** Plaintiff may file any supplemental brief on the motion for reconsideration. Defendants shall have until **May 1, 2009** to respond, and any reply shall be filed by **May 8, 2009**. The parties shall address the effect of the opinion in Wright v. Campbell in their briefs.

**IT IS FURTHER ORDERED** that Defendants shall have leave to re-file their motion for summary judgment on Count III in conjunction with the above briefing, or following any ruling on the motion for reconsideration, at their option.

                                           _____
                                           AUDREY G. FLEISSIG
                                           UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of March, 2009.