UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARY HENDERSON,             )
                                  )
       Plaintiff,         )
                                  )
vs.                       )     No. 4:05CV01325 AGF
                                  )
EVAN BEATTY, et al.,     )
                                  )
       Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court[1] on three motions: (1) Plaintiff's supplemental motion for reconsideration of the Court's October 11, 2006 Memorandum and Order which granted Defendants' motion for summary judgment on Counts I and II of Plaintiff's complaint as time-barred under the Illinois statute of limitations; (2) Defendants' motion for summary judgment on Count II; and (3) Defendants' motion for summary judgment on Count III. For the reasons set forth below, the Court grants Plaintiff's supplemental motion for reconsideration, vacates its grant of summary judgment to Defendants on Counts I and II, and denies Defendants' motion for summary judgment on those claims. The Court also denies Defendants' new motions for summary judgment on Counts II and III.

## BACKGROUND

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

1

Plaintiff is, and was at all relevant times, a citizen of Illinois.  Defendants -- four individual attorneys (Evan Beatty, Robert Appleton, Jr., Gerald Kretmar, and David Stolze), individually and doing business as the partnership, Appleton, Kretmar, Beatty & Stolze (collectively referred to as "Defendants") -- are citizens of Missouri.  For purposes of the motions before the Court, the record establishes the following.  On August 30, 1999, Plaintiff hired Defendants to represent her in a personal injury action, based upon her claim that she was injured in a Wal-Mart store in Illinois on August 23, 1999.  The contract for legal services was entered into while Plaintiff was in Defendants' St. Louis, Missouri, office.

Defendants did not file a lawsuit on Plaintiff's behalf on or before August 23, 2001, when the Illinois two-year statute of limitations for personal injury actions expired.  Plaintiff was not made aware of this until April 3, 2003, when Plaintiff met with Defendant Beatty at Defendants' St. Louis office.

Meanwhile, in 2002, a collection action for medical bills had been filed in Illinois against Plaintiff and Plaintiff hired Defendants to represent her in that lawsuit as well.  Plaintiff gave Beatty a summons showing a court date of April 16, 2002.  On April 12, 2002, Beatty entered an appearance and asked for a 90-day extension of time (to file a responsive pleading).  A responsive pleading was never filed and a default judgment was entered against Plaintiff in that action, upon which garnishment issued in December 2002.  On February 13, 2003, Plaintiff faxed information to Defendants concerning the garnishment.  When Beatty told Plaintiff on April 3, 2003, about the expiration of the

statute of limitations on the personal injury case, he also told her about the default judgment in the collection case. Beatty offered to try to have the default judgment set aside, but Plaintiff decided to seek new counsel.

By letter dated April 20, 2003, Plaintiff's counsel in the present action sent a letter to Beatty informing him that he (present counsel) had been retained by Plaintiff to pursue a malpractice claim based upon the missed statute of limitations in the personal injury action. On August 24, 2005, Plaintiff filed the present three-count complaint against Defendants. In Count I, Plaintiff claims that Defendants negligently handled her personal injury claim by failing to file a lawsuit in Illinois within the Illinois statute of limitations, and by not advising Plaintiff until April 3, 2003, that the statute of limitations had expired. In Count II, Plaintiff pleads her legal malpractice claim alternatively as a breach of contract claim, asserting that by missing the statute of limitations, Defendants breached oral and written contracts to provide competent legal representation in relation to the personal injury claim. In these two counts, Plaintiff seeks damages measured by her alleged injuries resulting from the accident underlying her personal injury claim. She also asserts that due to the passage of time, she was unable to submit her medical bills to her insurance company on time and was thus held personally liable for payment of these bills. She asserts that she was unable to pay the total amount due, which resulted in damage to her personal credit and the above-referenced collection suit being filed against her by her medical provider.

In Count III, Plaintiff claims that Defendants breached their fiduciary duty by:

(1) failing to inform her that the Illinois statute of limitations had expired on her personal injury case until April 3, 2003, although Defendants had previous knowledge that the statute of limitations had expired in August, 2001;

(2) entering an appearance in the collection lawsuit but failing to file responsive pleadings and failing to follow the progress of the suit to determine that a default judgment had been entered against Plaintiff;

(3) telling Plaintiff in 2002 and 2003 that the collection suit and subsequent collection attempts were being fully handled by Defendants, when in fact nothing was being done to protect Plaintiff's interests; and

(4) never telling Plaintiff that a default judgment had been entered against her even though Defendants had actual knowledge of the same.

Plaintiff asserts in Count III that as a result of these alleged breaches of fiduciary duty, she "sustained injuries and losses" in that she was unable to submit timely medical bills to her healthcare insurer and eventually suffered the default judgment against her and damage to her credit. She states that she seeks damages "in the alternative" to the request for damages in the other two counts, but here she also seeks punitive damages.

Upon Defendants' motion for summary judgment on Counts I and II based upon the statute of limitations, the Court entered a Memorandum and Order on October 11, 2006, granting summary judgment in favor of Defendants on Counts I and II. The Court concluded that Missouri courts would not apply Missouri's five-year statute of limitations to those counts, but rather the Illinois two-year statute of limitations under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190,[2] because Plaintiff's malpractice claims

---

[2] Section 516.190 provides as follows:

originated in Illinois.  In reaching this conclusion, the Court separated the question of

when Plaintiff's claims accrued, from where, i.e., "in which" state, Plaintiff's claims

accrued, and relied in large part on Ferrellgas, Inc. v. Edward A. Smith, P.C., 190 S.W.3d

615 (Mo. Ct. App. 2006), for the conclusion that the place of accrual was Illinois.  In

Ferrellgas, as in the present case, it was not necessary to resolve the question of when the

statute of limitations period for plaintiff's action for legal malpractice began to run; rather

the determinative question was in which state the cause of action originated.  The

Missouri Court of Appeals in Ferrellgas concluded that the plaintiff's malpractice claims

sounding in tort and contract against a Missouri law firm, based upon the alleged

mishandling of a lawsuit in California in which the malpractice plaintiff was a defendant,

originated in California because that is where the adverse verdict in the lawsuit was read

and thus where damage could be ascertained.  The court held that the malpractice action

---

> Whenever a cause of action has been fully barred by the laws of the state,
> territory or country in which it originated, said bar shall be a complete
> defense to any action thereon, brought in any of the courts of this state.

Section 516.101 provides:

> [F]or the purposes of sections 516.100 to 516.370, the cause of action shall
> not be deemed to accrue when the wrong is done or the technical breach of
> contract or duty occurs, but when the damage resulting therefrom is
> sustained and is capable of ascertainment, and, if more than one item of
> damage, then the last item, so that all resulting damage may be recovered,
> and full and complete relief obtained.

was barred under Missouri's borrowing statute because it was barred under California's one-year statute of limitations. Ferrellgas, 190 S.W.3d at 620-23.

Plaintiff in the present action filed a motion for reconsideration of the Court's Memorandum and Order, arguing that the Court misapplied Ferrellgas. Plaintiff asserted that the statute of limitations in the present case began to run when Plaintiff was first informed that Defendants had failed to file her personal injury lawsuit on time, and that the state in which her malpractice claims originated -- for purposes of the limitations analysis -- was the location of that disclosure. Defendants' filed a motion for summary judgment on Count III, arguing that "Count III must necessarily suffer the same fate as Counts I and II" with regard to the statute of limitations, a proposition with which Plaintiff agreed.

On March 3, 2009, while these two motions were pending, the same division of the Missouri Court of Appeals that issued the Ferrellgas opinion issued Wright v. Campbell, 277 S.W.3d 771 (Mo. Ct. App. 2009), which discusses Ferrellgas and Missouri's borrowing statute in the context of a legal malpractice action based upon the defendant attorney's failure to timely file a personal-injury claim in another state. On March 31, 2009, this Court granted Plaintiff's motion for reconsideration to the extent that the Court asked the parties to submit further briefing on the matter, addressing the effect of the opinion in Wright. The Court also denied Defendants' motion for summary judgment on Count III without prejudice to Defendants' right to refile such a motion. Supplemental briefs by the parties on the timeliness of Counts I and II have now been

filed, and Defendants have filed a new motion for summary judgment on Count III, as well as a new motion for summary judgment on Count II.

## DISCUSSION

As jurisdiction of this case is based on diversity of citizenship, this Court applies the substantive law of Missouri. Federal courts are "bound to accept the interpretation of [state] law by the highest court of the State." Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 488 (1976). If the Missouri Supreme Court has not yet addressed a particular issue, the "[d]ecisions from Missouri's intermediate appellate court (the Missouri Court of Appeals) are particularly relevant, and must be followed when they are the best evidence of Missouri law." Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005) (citation omitted); United Fire & Cas. Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003) ("Intermediate state court decisions should not be disregarded unless [we are] convinced by other persuasive data that the highest state court would decide [the issue] otherwise.") (citation omitted); Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995) (listing as factors to consider in predicting what state's highest court would decide, "relevant state precedent, analogous decisions, considered dicta, scholarly works and any other reliable data").

Wright involved facts remarkably similar to the facts in the present case. The plaintiff in that case was injured on May 8, 1999, while shopping in a grocery store in Kansas. In March 2000, she met with the defendant, a Missouri attorney, in his Missouri office to discuss a potential claim against the store, and the parties signed a contingency-

fee agreement for the defendant's representation of the plaintiff in the matter.  On August 29, 2001, the parties met again in the defendant's office in Missouri, at which time the defendant informed the plaintiff that suit had not yet been filed in Kansas for the personal injury claim, that the two-year statute of limitations for doing so may have expired, and that she needed to obtain other counsel.

On May 9, 2001, the plaintiff sued the defendant in Missouri for legal malpractice for missing the filing deadline for a lawsuit regarding her personal injury claim.  The defendant moved for summary judgment, arguing that the malpractice action was barred by the Kansas two-year statute of limitations for such actions.  The circuit court granted the motion, holding that the plaintiff's legal malpractice action originated in Kansas and accrued when the Kansas statute of limitations expired in the Kansas court where the personal injury claim should have been filed no later than May 8, 2001.  The circuit court thus held that Kansas' limitations period for legal malpractice actions governed and the plaintiff's suit -- filed on May 9, 2006 -- was untimely.

The Missouri Court of Appeals reversed.  The appellate court stated that "a cause of action accrues, and 'originates' for purposes of § 516.190, when and where the damage "'is sustained and is capable of ascertainment.'"  277 S.W.3d at 774.  The court then reviewed numerous Missouri cases dealing with when a cause of action accrued, and decided that the plaintiff's action in the case before it accrued when she was told on August 29, 2001, about the missed Kansas deadline.  Stating that the circuit court had relied heavily on Ferrellgas, the appellate court distinguished that case on the ground that

the running of a statute of limitations is not immediately ascertainable as is the

announcement of a verdict in open court. The court then concluded that "accordingly,"

the plaintiff's legal malpractice claim "accrued and 'originated' for purposes of

§ 516.190, in Missouri" and was timely filed under Missouri's limitations statutes. Id. at

776-76. In a footnote, the Missouri Court of Appeals specifically declined to follow this

Court's statute of limitations analysis set forth in the Memorandum and Order of October

11, 2006; the state court characterized the circumstances in the present case as "very

similar" to those in the Wright case. Id. at 776 n.6.

This Court finds the decision in Wright problematic in that it appears to conflate

the question of when a cause of action accrues with the question of in which state it

originates.[3] Nevertheless, this Court feels constrained by the decision in Wright to vacate

the Memorandum and Order of October 11, 2006, and to deny Defendant's motion for

summary judgment on Counts I and II. Wright represents the thinking of the Missouri

Court of Appeals on the state law question before this Court, and this Court will not

predict that the Missouri Supreme Court would hold otherwise.

Although the plaintiff in Wright was a Missouri resident whereas Plaintiff in the

present case is an Illinois resident, the court in Wright did not suggest that the plaintiff's

---

[3]     What if the attorney in Wright had met with the plaintiff in Kansas and told
her there about the missed deadline? Would the plaintiff's malpractice action then have
originated in Kansas? Under the state appellate court's holding in Wright, a legal
malpractice defendant could manipulate the time in which a party could bring a legal
malpractice action against him by informing the client of the facts constituting the
malpractice in a state with a short statute of limitations for a malpractice action.

residency was a factor in its reasoning. And, as noted above, the court in Wright specifically declined to follow the approach taken by this Court in the October 11, 2006 Memorandum and Order, rather than distinguishing the two cases on the basis of the plaintiffs' places of residence. Accordingly, this Court feels it must reject Defendants' argument here that because Plaintiff is an Illinois resident, Wright does not control. Missouri's borrowing statute makes no distinction, as to its applicability, between Missouri plaintiffs and plaintiffs who are citizens of other states.

**Defendants' Motions for Summary Judgment on Count II**

Defendants argue that Count II should be dismissed because "Count II cannot stand as an independent cause of action separate and apart from Count I," and Plaintiff has not alleged that Defendants breached a "specific term" of the contract between the parties. The Court finds that Plaintiff has stated a cause of action against Defendants under both a tort or contract theory. There is no dispute that a valid contract for legal services existed between the parties; Count II is based on the alleged breach of this contract to provide competent legal services. See, e.g., Neiswonger v. Margulis, 203 S.W.3d 754, 756 (Mo. Ct. App. 2006). Plaintiff may plead these theories in the alternative; she, of course, will not be permitted double recovery for the same injury. This motion shall be denied.

**Defendants' Motions for Summary Judgment on Count III**

This motion is based on the premise that the Illinois two-year statute of limitations applies to Plaintiff's legal malpractice claims. In light of the above ruling on the statute

of limitations, this motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion and supplemental motion (Docs. #27 & #63) for reconsideration of the Court's October 11, 2006 Memorandum and Order granting Defendants summary judgment on Counts I and II are **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's Memorandum and Order (Doc. #23) granting Defendants summary judgment on Counts I and II is **VACATED**.

**IT IS FURTHER ORDERED** that Defendants' motion (Doc. #10) for summary judgment on Counts I and II is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion (Doc. #64) for summary judgment on Count II is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion (Doc. #66) for summary judgment on Count III is **DENIED**.

A scheduling conference shall be set by separate Order.


_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of October, 2009.